[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Darlene Russo, Claimant, was employed by Michael Deco, doing business as Les Visages Hair Salon on a part-time basis as a hairdresser/receptionist from April of 1990 until discharge, effective March 16, 1991[.]
The employer was dissatisfied with the Claimant, Darlene Russo's, overall record prior to March 16, 1991 and so advised her.
The Claimant was scheduled to work from 8:30 a.m. until 5:00 or 6:00 p.m. on March 16, 1991. Upon arrival at work on that day the Claimant advised Mr. Deco that she was not feeling well and was suffering from a diuretic disorder.
At 11:00 a.m. on that day the Claimant approached Michael Deco and told him that she needed to leave work for the day, wherein Mr. Deco told her to "just go."
The Claimant was discharged form Mr. Deco's employment because she left early on Saturday, March 16, 1991.
The Claimant rquested [requested] a hearing for unemployment compensation and the Employer, Michael Deco, filed an objection to paying the Claimant compensation. The Administrator ruled the Claimant eligible for unemployment benefits and so advised the Employer on April 23, 1991.
The Employer appealed the Administrator's decision on April 25, 1991. Appeals Referee, James V. Cesario, affirmed the Administrator's decision on April 25, 1991. Appeals Referee, James V. Cesario, affirmed the Administrator's ruling on July 11, 1991 and Mr. Deco appealed that decision on July 18, 1991. The Board of Review affirmed the decision of Referee Cesario. From this decision the Employer appealed to the Superior Court which is the subject of this memorandum.
This matter was originally set down for a hearing, but because that date was unacceptable to the Employer, it was rescheduled for June 29, 1993. At the hearing the Attorney for the Unemployment Compensation Administrator was the only one present. Mr. Deco did not appear and did not call.
The decision that was rendered by Appeals Referee Cesario very accurately indicates what the law is concerning the issues in this case. The Claimant's illness on March 16, 1991 and thus her leaving work early on that day is not an act of wilful misconduct and thus not sufficient reason CT Page 7491 to discharge her. The Appeals Referee also pointed out in his decision that absenteeism due to illness falls outside the periphery of wilful misconduct.
The Employer's appeal is dismissed.
Hon. Robert J. Flanagan, Judge.